IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE SPICUZZO and CHARLES SPICUZZO** | : | Civil No. 1:17-CV-0975 |
| **Plaintiffs,** | : | |
| v. | : | |
| **HERSHEY ENTERTAINMENT & RESORTS COMPANY trading as HERSHEYPARK** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

In this slip and fall case, presently before the court is Defendant's motion *in limine* to preclude Plaintiffs from introducing or offering testimony at trial pertaining to several building and safety codes relating to stairway standards since no stairs were involved in the underlying accident. For the reasons stated herein, Defendant's motion will be denied.

## I. Relevant Facts & Procedural History

On June 15, 2015, Plaintiffs Denise ("Mrs. Spicuzzo") and Charles Spicuzzo traveled to Hersheypark with their children. Inside the park, near an area containing water rides, was a prop personal watercraft, commonly referred to as a wave runner or jet ski, set atop a concrete pedestal display for park patrons to climb on and take photographs. (*See* Doc. 15, p. 2 of 9.) Because the footwells of the personal watercraft were filled with rainwater, Mrs. Spicuzzo's feet got wet

when she climbed aboard for pictures. Upon descending from the side of the personal watercraft, Mrs. Spicuzzo's wet left foot slipped and she attempted to catch her fall with her right foot. Unfortunately for Mrs. Spicuzzo, her right foot caught the sloped edge of the concrete pedestal that the personal watercraft was sitting on, causing her to roll her ankle and suffer multiple fractures. (*See id.*)

Plaintiffs initiated this action by filing a complaint on June 5, 2017. (Doc. 1.) Plaintiffs subsequently retained Andres Calderon, Ph.D. ("Dr. Calderon"), an experienced biomechanical engineer, as an expert witness. Dr. Calderon eventually prepared an expert report on the safety of the personal watercraft display, which included references to several safety and building code standards relating to stairs and steps, including the International Building Code, The Staircase Studies of Hazards, Falls and Safety Design by John Templer, and the United States Department of Commerce's Guidelines for Stair Safety, PB-298-787. (*See* Doc. 15-1.)

On May 7, 2018, Defendant filed the instant motion *in limine*, along with a supporting brief, seeking to exclude references to the above-mentioned safety materials. (Docs. 13 & 14.) Plaintiff submitted a brief in opposition on May 15, 2018 (Doc. 15), and the time for a reply has passed. Accordingly, the motion is ripe for disposition.

## II. Legal Standard

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 588-89 (1993). The rule requires that an expert witness be qualified through "knowledge, skill, experience, training, or education," and provides that an expert may give opinion testimony if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or determine a fact in issue; (2) the testimony is based upon sufficient facts or data; (3) the testimony is the product of reliable principles or methods; and (4) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. A trial court must act as a gatekeeper "to ensure that 'any and all expert testimony or evidence is not only relevant, but also reliable.'" *Pineda v. Ford. Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)).

## III. Discussion

The Third Circuit has interpreted Rule 702 to require 1) qualifications, 2) reliability, and 3) fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2004) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994)). Here, Defendant does not challenge Dr. Calderon's qualifications or the reliability of his methods, but does argue that the materials and testimony

3

regarding stair and step safety do not "fit" the present case. As with the first two requirements, the standard to be used in assessing fit is "not that high." *United States v. Ford*, 481 F.3d 215, 219 (3d Cir. 2007) (citation omitted). Essentially, "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Schneider*, 320 F.3d at 404.

Defendant argues that testimony about, or the introduction of, safety standards relating to stairs would be unfairly prejudicial to Defendant and potentially confusing to the jury because no stairs were involved in the accident. As an expert, Dr. Calderon's opinion "must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 158 (3d Cir. 2000) (citation omitted). Defendant does not dispute that, as a biomechanical engineer, Dr. Calderon's use of building safety standards meets this threshold. While there was no typical stairway, there was an elevated portion of the pedestal around the personal watercraft where patrons could step down, and the court finds that the use of analogy to a stair or step is appropriate. *See McGarrigle v. Mercury Marine*, 838 F. Supp. 2d 282, 291-92 (D.N.J. 2011) (recognizing that experts often "reason by analogy" and finding an expert's use of standards intended for large maritime vessels was reliably applied to a much smaller recreational boat). Accordingly, the court finds that expert testimony regarding whether, or to what extent, certain

4

safety measures applied to stairs, such as slip-resistant coatings, warnings, or painting two surfaces of differing elevations in different colors, rather than the same, would have made the personal watercraft attraction less hazardous is likely to be relevant and will assist the trier of fact at trial. In the event that Defendant believes any expert testimony may be confusing to the jury, counsel can clear up the confusion through cross examination or by requesting an appropriately curative jury instruction.

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, Defendant's motion *in limine* to preclude expert testimony (Doc. 13) will be denied. An appropriate order will issue.

  s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 12, 2018